**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOSHUA ANDERSON, #527057,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-01016** |
| | ) | |
| **RUTHERFORD COUNTY JAIL and** | ) | **Judge Trauger** |
| **SHERIFF ROBERT ARNOLD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Joshua Anderson's *pro se* complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth herein, the complaint must be dismissed for failure to state a claim for which relief may be granted.

**I.      Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1)

view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.    Factual Allegations

The plaintiff is an inmate at the Rutherford County Adult Detention Center ("RCADC"). He brings suit under 42 U.S.C. § 1983 against the RCADC and Sheriff Robert Arnold.

The plaintiff alleges that (1) he was bunked three to a cell from September 4th through the 12th; (2) "outdoor rec" takes place inside and he does not have access to sunlight; (3) he gets only two cooked meals per day and they are both served cold; (4) county and state inmates are housed together; (5) the plaintiff was sentenced to serve a term of incarceration in the custody of the Tennessee Department of Correction, not Rutherford County, where he receives only 6 or 8 days a month of "good time," instead of the 16 days a month he would accrue if he were in a state facility; and (6) he does not have access to a law library or the Jailhouse Lawyers' Manual, 9th Edition, and has been deprived of legal help.

The plaintiff demands compensatory damages resulting from sleeping on the floor and being housed three to a cell. He also seeks equitable relief in the form of being sent to a prison where he will have access to a law library and being granted the good time he has lost by being at jail instead of prison.

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

### A.    Conditions of Confinement

The Eighth Amendment prohibits conditions of confinement that involve "the wanton and

unnecessary infliction of pain," that are "grossly disproportionate to the severity of the crime," or that result in the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* Rather, to violate the constitution, the alleged conditions must result in the deprivation of a basic human need, such as food, warmth, or exercise. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). In other words, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

The plaintiff's allegations, though they implicate the Eighth Amendment, do not demonstrate that the conditions at the RCADC "fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347). Specifically, overcrowding *per se* does not violate the constitution, and the plaintiff does not claim that the allegedly overcrowded conditions actually caused him harm or resulted in an unconstitutional denial of a basic need. *Cf. Rhodes*, 452 U.S. at 347–48 (holding that "double-celling" did not violate the Eighth Amendment); *Argamonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("[O]vercrowding is not, in itself, a constitutional violation, and the plaintiffs have not alleged that the allegedly overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation). The fact that the plaintiff was only housed three to a cell for a period of just over a week further supports the conclusion that the overcrowding about which the plaintiff complains did not give rise to a constitutional violation.

The plaintiff alleges that he is served only two "cooked" meals per day, implying that a third, uncooked meal is provided. He does not allege that his caloric intake is insufficient or that the meals do not provide sufficient nutrition, nor does he allege that he has lost weight or suffered any detriment to his health. While cold meals may be unpleasant, complaints about the preparation or quality of prison food are generally "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977). Moreover, "cold food apparently is an ordinary incident in prison life." *Thaddeus–X v. Blatter*, 175 F.3d

378, 404 (6th Cir. 1999) (Surheinrich, J., dissenting). The plaintiff's complaints about the meals at RCADC do not establish an Eighth Amendment violation.

The plaintiff also complains that he is not afforded the opportunity for outdoor recreation or exposure to sunlight. The Eighth Amendment entitles prisoners to sufficient exercise to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985) (remanding for the district court to consider "the *minimum* amount of yard time necessary for the inmates' well-being under minimal civilized standards"). Limitations on outdoor exercise may violate the Eighth Amendment in some circumstances, but the Sixth Circuit has not set a minimum amount of outdoor recreation time that is required. *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995). Instead, it has held that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" *Id.* (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)).

In this case, the plaintiff does not claim that he is denied all opportunity for recreation or physical activity sufficient to maintain reasonably good health, nor does he allege any detriment to his health resulting from being required to exercise indoors rather than outdoors. He therefore fails to state an Eighth Amendment claim based on the alleged lack of access to sunlight.

The plaintiff's allegation that state and county inmates are housed together does not state a claim for a constitutional violation based on the conditions of his confinement. There is no constitutional prohibition against housing state and county inmates together.

In sum, the court finds that the plaintiff's allegations are insufficient to show that he was subjected to the type of extreme deprivations that are necessary to prove an Eighth Amendment conditions-of-confinement claim.

### B.    "Good-Time" Credits

The plaintiff complains about being housed at the RCADC instead of a state prison, on the basis that, as he claims, he would accrue good-time credits at a faster rate and have access to other benefits if he were at a TDOC facility. It is well-settled, however, that "prisoners have no liberty interest in opportunities to obtain good-time credits." *Martin v. O'Brien*, 207 Fed. Appx 587, 589–90 (6th Cir. 2006); *see Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) ("The United States Supreme Court has held that inmates have

no inherent constitutional right to good time credit." (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974))). *See also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole," does not constitute a constitutionally cognizable liberty interest which triggers the protection of the Due Process Clause" (citing *Meachum v. Fano*, 427 U.S. at 229 n.8)).

Consequently, the fact that the plaintiff is housed in a county jail rather than a state prison, and has fewer opportunities to earn good-time credit than he might if he were housed in prison, does not give rise to a claim that his constitutional rights have been violated. In short, the plaintiff fails to state a claim for which relief may be granted under 42 U.S.C. § 1983 based on the contention that being housed at a county jail deprives him of the opportunity to earn good-time credits at a faster rate.

Moreover, insofar as the petitioner seeks a court order awarding him good-time credits to which he believes he is entitled, he seeks relief that is not available under 42 U.S.C. § 1983. The United States Supreme Court has made it clear that a § 1983 action cannot be used to challenge, directly or indirectly, the length or validity of a prisoner's confinement, including deprivations of good-time credit, and that this can only be done using habeas corpus remedies. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Wolff v. McDonnell*, 418 U.S. 539 (1974). In summarizing this line of cases, the Supreme Court stated:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Consequently, the plaintiff may not seek restoration of good-time credits in this action.

### C.     Access to Law Library and Legal Materials

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing either law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Supreme Court held that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial

services to authenticate them, and with stamps to mail them." *Id.* at 824–25. *Bounds*, however, did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In order to state a viable claim for interference with access to the courts, a plaintiff must show "actual injury." *Id.* at 349. In other words, a plaintiff must plead and demonstrate that the lack of access to legal materials has hindered, or is presently hindering, his efforts to pursue a non-frivolous legal claim. *Id.* at 351–53. Further, the Supreme Court squarely held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). Thus, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18.

The plaintiff contends that he did not have access to a law library or legal assistance at RCADC, but he has not demonstrated or even alleged that the denial of access to law books or a law library has hindered him in the pursuit of a non-frivolous legal claim. It did not prevent him from filing his present complaint, and the fact that the factual allegations fail to state a colorable claim under § 1983 cannot be attributed to the lack of legal resources. Accordingly, the court also finds that the plaintiff has failed to state a colorable access-to-courts claim with respect to the lack of a law library or legal assistance at the RCADC. *Cf. Catanzaro v. Harry*, 848 F. Supp. 2d 780, 802–03 (W.D. Mich. 2012) ("Plaintiff's claim that the lack of access to a law library caused any injury is purely conclusory. Plaintiff's allegations provide no support for his assertion that the denial of access to law books or a law library prevented him from amending either his complaint or his habeas petition.").

**IV.    Conclusion**

For the reasons set forth herein, the court finds that the complaint fails to state a claim under 42 U.S.C. § 1983 for which relief may be granted. The complaint will therefore be dismissed. An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge